## James C. Thomson v. The Massachusetts Mutual Life Insurance Company.

*Insurance—Copartnership agreement—Deferred premiums.*

A general agent for an insurance company, under a contract providing for the payment to him of a commission on all premium notes or loans allowed by the company in payment of any part of the first year's premium on any policy after the policy had been in force for five full years, on forming a partnership with another agent, assigned to him an undivided half of all commissions due or to become due to the assignor after a certain date, antedating by one day the time when the partnership agreement was to become operative, under his aforesaid contract. The insurance company then made a contract with the partners containing similar provisions as to commissions as the contract with the original agent, and a further provision that "on first year's premiums, or deferred portions thereof," collected on and after the date when the partnership agreement became operative, on policies issued prior to that date upon applications secured by the original agent, the company would pay commissions, which should belong exclusively to said original agent. Eight months afterwards the original agent transferred to his copartner his interest in all commissions to which he might be entitled, excepting only such commissions or share of commissions as might thereafter become due on premium loans accepted by said company in part payment of first year's premiums. After this date, commissions become due from the company on two policies issued while the first agreement with the original agent was in force, upon which premium notes had been received and accepted by the company, representing a portion of the first year's premiums. The original agent sued the company for the entire of said commission, one-half of which was claimed by his copartner. And it is held that the plaintiff is entitled to recover the whole of said commissions.

Error to Wayne. (Carpenter, J.) Argued April 18, 1895. Decided May 21, 1895.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered in this Court for plaintiff for $283, and interest from December 11, 1894. The facts are stated in the opinion.

*Julian G. Dickinson,* for appellant.

*James H. McDonald,* for defendant.

MONTGOMERY, J. Prior to the date of the contract between the plaintiff and Charles W. Pickell hereinafter referred to, the plaintiff had been acting as general agent for the defendant company, with headquarters at Detroit, under a contract bearing date November 15, 1888, under which he was entitled to a premium on new business written of 55 per cent. of the first year's premium, and an additional commission on renewal premiums during the first 11 years of the life of the policy. The contract contained the following provision:

"Commissions on first year's premiums, allowed by this agreement, will be computed on cash payments only; and, when a premium note or loan is allowed by the company in payment of any part of the first year's premium on any policy, no commissions will be allowed on such premium note or loan until the policy has been in force five full years, at the end of which period said Thomson will be allowed first year's commissions on such original premium note or loan."

On the 11th of February, 1891, an agreement for a copartnership, to take effect on the 16th of March following, was entered into between plaintiff and Pickell. This contract was made with the approval of the company. Three instruments in writing were prepared, two of which were signed by Pickell and plaintiff, as parties, and the third was executed by Pickell and plaintiff, on the one part, and the insurance company on the other. The first of these instruments provided for a copartnership, as before stated, and, in consideration of a payment in cash and notes made by Pickell to plaintiff, he (plaintiff) assigned to and transferred to Pickell—

"One undivided one-half of any and all commissions due or to become due me [plaintiff] after March 15, 1891, under the provisions of my [plaintiff's] contract with said company, bearing date November 15, 1888."

The second agreement furnished a basis of settlement in case of a later dissolution of the copartnership, and gave certain options to Pickell; but it is not very material here, for the subsequent purchase by Pickell was admittedly broader than the option, so that the option will furnish little aid in construing the other instruments between the parties. The agreement between plaintiff, Pickell, and the company, made on the same day, constituted plaintiff and Pickell agents, and provided a basis of commissions, and contained the following provision:

"Commissions on first year's premiums, allowed by this agreement, will be computed on cash payments only; and, when a premium note or loan is allowed by the company in payment of any part of the first year's premium on any policy, no commission will be allowed on such premium note or loan until it is paid off in cash, or until the premium on the policy has been paid in full for five years, at the end of which period said general agents will be allowed *first year's commission* on such premium note or loan."

Also the following:

"On first year's premiums, or deferred portion thereof, collected on and after March 16, 1891, on policies issued prior to said March 16 upon applications secured by said Thomson, the said company will pay commissions reckoned according to the rates for the first year's commissions contained in section 9 hereof, with the stipulated additions thereto contained in section 14 hereof, but it is understood and agreed that all commissions referred to in this section shall belong exclusively to said Thomson."

The business was conducted under this agreement until October 15, 1891, when plaintiff retired from the copartnership, and made a transfer to Pickell as follows:

"I do hereby sell and convey unto the said Charles W.

Pickell all my right, title, and interest in and to any and all commissions, either first year's or renewal commissions, to which I may now be entitled, or which may hereafter become due, by reason of any contract between me and the Massachusetts Mutual Life Insurance Company, or between me and the said Pickell, as copartners, and said company, excepting only such commissions or share of commissions, if any, as may hereafter become due me *on premium loans accepted by said company* in part payment of first year's premiums."

After this date, commissions became due from the company on account of two policies issued while the agreement of November 15, 1888, was in force, upon which premium notes had been received and accepted by the company, representing a portion of the first year's premium. Plaintiff sues to recover these commissions.

The sole question is whether the plaintiff is entitled to the whole of this commission, or whether Pickell is entitled to one-half. It is clear that in the sale to Pickell, of October 15, 1891, plaintiff reserved to himself all commissions or shares of commissions thereafter becoming due to him on account of premium loans. But the circuit judge held that under the agreement of February 11, 1891, one-half of these commissions were assigned to Pickell, and hence that the reservation of October 15, 1891, was a reservation of one-half only, and gave judgment for one-half of the commission in question. From this holding, plaintiff appeals.

The case must turn upon the construction of the February agreement. The three instruments—the two between Pickell and plaintiff, and that between plaintiff, Pickell, and defendant—are to be construed together, and both parties apparently concede this. But the parties are at variance as to their construction of section 17 of the last-named agreement, as to what was meant by "first year's premiums, or deferred portions thereof." The defendant offered testimony to explain what was meant by deferred premiums, and the circuit judge found as a fact that—

"In insurance business the terms 'deferred payment' and 'premium loans' have separate and distinct meanings, and these terms, as they are used by insurance men, refer to different matters. The former is an unpaid part of the premium, and the latter what has been used to pay a premium."

There was testimony tending to show that, during the time plaintiff and Pickell were in business together, one premium loan was paid to the company, entitling the agent to commission, and the plaintiff received the whole of this without objection from Pickell, but this was explained by Pickell showing that to be a special case. There was also testimony that a list of premiums and renewal commissions were shown to Pickell in February, and that the premium loan did not appear thereon. But the circuit judge states:

"I do not find that it was the intent of the parties to Exhibit A to limit the claim thereby assigned to said list above mentioned."

These facts, therefore, are not material in construing the instrument, unless it be said that, because premium loans and deferred payments have distinct meanings, it follows that the language of section 17 of the contract is not broad enough to include as a reservation to the plaintiff unpaid first year's commissions on premium loans. We do not think the finding above quoted is controlling. The term "deferred payment" is not used in the contract, and there is no finding as to whether first year's premiums include those represented in part by premium loans or not, even if it were possible to control the language of this instrument by evidence of the custom or use of these terms by insurance men. We do not think that the language of the section is at all ambiguous or uncertain, or that any aid is furnished by the testimony or the finding relating to the technical meaning of insurance terms. Section 17 reserved to the plaintiff commissions on all "first year's premiums, or deferred portions thereof." The contract itself, to which

Pickell and the company were both parties, designates the premium represented by an insurance note or loan as a "first year's premium." It is stated:

"When a premium note or loan is allowed by the company in payment of any part of the *first year's premium* on any policy, no commission will be allowed on such premium note or loan until it is paid off *in cash*, or until the premium on the policy has been paid in full for five years, at the end of which period said general agents will be allowed *first year's commission* on such premium note or loan."

Can it be said that the unpaid portion of the premium, which is to furnish a basis for commission when it is paid, is not a deferred or postponed portion of the premium? We think not. We are all agreed that the true construction of this contract entitles the plaintiff to commissions on premiums represented by premium notes, and thereafter paid.

The judgment below will be reversed, and a judgment entered in this Court for plaintiff for $283 and interest from December 11, 1894, the date of judgment below. Plaintiff will recover costs of both courts.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. GRANT, J., did not sit.